IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILFREDO ARROYO,

      Plaintiff

v.  :  CIVIL NO. 3:CV-13-1506

DOCTOR LI, ET AL.,  :  (Judge Conaboy)

      Defendants

FILED SCRANTON AUG 15 2014

## Memorandum

Wilfredo Arroyo, an inmate presently confined at the State Correctional Institution, Frackville Pennsylvania (SCI-Frackville), initiated this pro se civil rights action. By Order dated January 14, 2014, Plaintiff's motion for leave to submit an Amended Complaint was granted.

Named as Defendants in the Amended Complaint (Doc. 60) are the following SCI-Frackville staff: Health care Administrator V. Stanishefski; Psychiatrist Doctor Ingrid Li; Scott Sterling M.D.; and Physician's Assistant Nancy Palmigiano. Defendants Sterling and Palmigiano have responded to the Amended Complaint by filing a joint motion to dismiss. See Doc. 61.

Plaintiff alleges that because of the Defendants' deliberate indifference he has developed a "brain disabling" drug induced condition called tardive dyskinesia. Doc. 60 ¶ IV. Specifically, Arroyo claims that Doctor Li was notified by a psychiatrist Doctor Gonzalez at the State Correctional Institution, Graterford, Pennsylvania (SCI-Graterford) as well as a physician, Doctor

1

Pinski, from another facility that the prisoner had tardive dyskinesia.[1] The symptoms of that condition include continuous muscle spasms of the neck, back, and shoulders. Doctor Li purportedly disregarded that diagnosis, expressed an opinion that Arroyo did not have tardive dyskinesia on June 29, 2010, but did refer Plaintiff to the prison medical staff in order to rule out tardive dyskinesia.

Thereafter, Plaintiff was seen by PA Palmigiano who disregarded Plaintiff's "neck issues" and medical file, agreed with Doctor Li, and allegedly expressed the opinion that Plaintiff's tardive dyskinesia was concocted by the inmate. According to the Amended Complaint, Arroyo was subsequently seen by Doctor Sterling who acted with deliberate indifference by also concluding that Plaintiff did not have tardive dyskinesia and indicated that the prisoner's actions may have resulted from his previously diagnosed mental health problems.

Plaintiff indicates that after three (3) outside neurologists and four (4) other physicians diagnosed him with tardive dyskinesia he started being treated with botox injections and medications. However, the Defendants "to this day still deny or delay treatment at will." Doc. 60, p. 5.

### Discussion

Moving Defendants Sterling and Palmigiano claim entitlement to entry of dismissal on the grounds that Plaintiff's Amended Complaint fails to allege a viable claim of deliberate indifference.

---

1. Doctor Pinski allegedly diagnosed Arroyo with tardive dyskinesia on October 25, 2010.

2

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556.

A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 1950.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Deliberate Indifference**

Plaintiff claims that he suffers from a drug induced neurological condition called tardive dyskinesia. The claims against the two moving Defendants are twofold. First, Sarroyo claims that both defendants were deliberately indifferent because they concluded, in agreement with doctor Li, that he does not have tardive dyskinesia. Second, the Amended Complaint contends that Sterling and Palmigiano have denied or delayed treatment recommended by multiple other doctors.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate

4

indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect to the serious medical need requirement, Plaintiff's allegation that he has been diagnosed and treated for tardive dyskinesia is sufficient at this juncture to satisfy the serious medical need requirement.

Under the subjective deliberate indifference component of Estelle, the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician "has been negligent

5

in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

Based upon an application of Estelle, the Amended Complaint to the extent that it seeks to establish liability against Doctor Sterling and PA Palmigiano on the grounds that they made an erroneous or negligent diagnosis of his medical condition is insufficient to satisfy the subjective deliberate indifference component. Those claims at best would represent Arroyo's disagreement with the quality of the medical care provided to him, assertions which are not actionable in a civil rights action. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986)(medical negligence does not expose a defendant to liability under § 1983). Simply put, "[a]llegations of negligent treatment are medical malpractice

6

claims, and do not trigger constitutional protections." Whooten v. Bussanich, No. 07-1441.

With respect to the vague claim that Doctor Sterling and PA Palmigiano deliberately delayed or denied treatment recommended by other medical personnel, there is no claim that the failure to provide said treatment was motivated by any non-medical reason. Rather, it appears only that any alleged action taken by Doctor Sterling and PA Palmigiano was based upon the diagnosis of Doctors Li and Sterling.[2]

Although the allegations against Doctor Sterling and PA Palmigiano arguably set forth a claim of medical malpractice/ negligence, an assertion of deliberate indifference has not been alleged. Based upon the facts alleged in the Amended Complaint, this is not a case where medical treatment was denied. On the contrary, Plaintiff clearly acknowledges that he was treated by multiple physicians during his incarceration. There is also no assertion that treatment was delayed for a non-medical reason. Arroyo also acknowledges that Doctor Sterling and PA Palmigiano performed a diagnostic evaluation as to whether the prisoner had tardive dyskinesia and thereafter treated him in accordance with their diagnosis.

Plaintiff's claims against Doctor Sterling and PA Palmigiano are solely premised on a theory that they, along with Doctor Li made an erroneous diagnosis of his condition and that the treatment made as a result of their alleged negligent diagnosis was

---

2. Clearly, it was reasonable for Doctor Sterling and PA Palmigiano to consider the opinion/diagnosis of the Plaintiff's treating psychiatrist, Doctor Li as part of their diagnostic evaluation.

insufficient. Such allegations solely sound in negligence and as such are insufficient under <u>Estelle</u>. The motion to dismiss will be granted. An appropriate Order will enter.[3]

                                     */s/ Richard P. Conaboy*
                                     RICHARD P. CONABOY
                                     United States District Judge

DATED: AUGUST 15th, 2014

---

3. The Court offers no opinion as to the merits of any negligence claim which Plaintiff may have against Defendants Sterling and Palmigiano.

8