IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILFREDO ARROYO,

       Plaintiff

v.                          CIVIL NO. 3:CV-13-1506

DOCTOR LI, ET AL.,        (Judge Conaboy)

       Defendants

FILED
SCRANTON
AUG 25 2014
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

This pro se civil rights complaint was filed by Wilfredo Arroyo, an inmate presently confined at the State Correctional Institution, Frackville Pennsylvania (SCI-Frackville). By Order dated January 14, 2014, Plaintiff subsequently submitted an Amended Complaint (Doc. 60).

By Memorandum and Order dated August 15, 2014, Defendants Sterling and Palmigiano's joint motion to dismiss was granted. Remaining Defendants are SCI-Frackville Health Care Administrator V. Stanishefski and Psychiatrist Doctor Ingrid Li, who formerly provided treatment to Plaintiff at SCI-Frackville. Presently pending is a motion to dismiss the Amended Complaint filed by Doctor Li. See Doc. 64.

As noted by this Court's August 15, 2014 Memorandum and Order, Plaintiff alleges that because of the Defendants' deliberate indifference he has developed a "brain disabling" drug induced condition called tardive dyskinesia. Doc. 60 ¶ IV. With respect to the moving Defendant, Arroyo claims that Doctor Li was notified

1

by a psychiatrist, Doctor Gonzalez, from the State Correctional Institution, Graterford, Pennsylvania (SCI-Graterford) as well as a physician, Doctor Pinski, from another facility that the prisoner had tardive dyskinesia.[1] Arroyo's Amended Complaint describes the symptoms of that condition as including continuous muscle spasms of the neck, back, and shoulders. Plaintiff contends that Doctor Li disregarded the prior diagnosis, expressed an opinion that Arroyo did not have tardive dyskinesia. However, on June 29, 2010, Li did refer Plaintiff to the prison medical staff in order to rule out tardive dyskinesia.

Thereafter, Plaintiff was subsequently seen by PA Palmigiano and Doctor Sterling who allegedly agreed with Doctor Li, and allegedly expressed the opinion that Plaintiff's tardive dyskinesia was concocted by the inmate or resulted from his previously diagnosed mental health problems. However, after three (3) outside neurologists and four (4) other physicians diagnosed him with tardive dyskinesia Plaintiff purportedly started being treated with botox injections and medications.

## Discussion

Doctor Li seeks entry of dismissal on the grounds that Plaintiff failed to exhaust his available administrative remedies. See Doc. 65, p. 4.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under

---

1. Doctor Pinski allegedly diagnosed Arroyo with tardive dyskinesia on October 25, 2010.

Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556.

A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 556 U.S. at 678. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to

3

survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Administrative Exhaustion**

The sole argument for dismissal raised by Doctor Li is that Plaintiff failed to exhaust his available administrative remedies. See Doc. 65, p. 4. The Moving Defendant contends that the failure of Arroyo's institutional grievances to identify Doctor Li by name precludes him from proceeding with a § 1983 claim on the basis of non-exhaustion.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001); see also Porter v. Nussle, 534 U.S. 516, 529-532 (2002). The Third Circuit Court of Appeals in Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), held that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." See also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, it is the burden of a

4

defendant asserting the defense to plead and prove it; Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).

Entry of dismissal is appropriate when a prisoner litigant has failed to exhaust his available administrative remedies before bringing a civil rights action. See generally Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

The United States Supreme Court in Jones v. Bock, 127 S.Ct. 910, 923 (2007), stated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Id. The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance

5

system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75. A subsequent decision by the Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

A Consolidated Inmate Grievance Review System has been established by the Pennsylvania Department of Corrections ("DOC").[2] Section V of DC-ADM 804 (effective December 8, 2010) states that "every individual committed to its custody shall have access to a formal procedure through which to seek the resolution of problems or other issues of concern arising during the course of confinement." See Doc. 29, p. 8. It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section VI ("Procedures") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15)

---

2. The DOC's grievance system has been periodically amended.

6

working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days to the Facility Manager or Superintendent. A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. However, an improperly submitted grievance will not be reviewed..

The Third Circuit Court of Appeals has recognized that under the DOC's administrative review system a prisoner's grievance should identify specific persons, if practicable. Spruill, 372 F.3d at 234. The Court of Appeals explained that an unexplained failure to identify a responsible prison official in a grievance constitutes a procedural default of the claim. It also noted that the prison's grievance process could excuse such a procedural default by identifying the unidentified person and acknowledging that they were fairly within the compass of the prisoner's grievance. However, in Jones, 549 U.S. at 219, the United States Supreme Court established that "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."

It is initially noted that Doctor Li has submitted copies of Plaintiff's relevant administrative grievances and responses in support of her pending motion to dismiss. In a footnote, the moving Defendant suggests that if those filings are deemed to be outside of the Complaint they nonetheless be considered and that this matter be converted into a summary judgment motion. See Doc. 64, p. 3, n. 1.

The Third Circuit Court of Appeals overturned the granting of a motion to dismiss for non-exhaustion of administrative remedies which was premised upon copies of an inmate's grievances and appeals, declarations from grievance coordinators, and the DOC's responses to administrative grievances on the basis that those documents were evidentiary materials that could not be considered on a motion to dismiss. See Berry v. Klem, 283 Fed. Appx. 1, 3 (3d Cir. 2008). As recognized in Berry, the documents submitted by Defendant Li are clearly matters outside of the Complaint and as such are not properly submitted in support of a motion to dismiss.[3]

Second, as acknowledged by Doctor Li, Plaintiff filed and exhausted administrative grievances regarding the same complaints about his medical care, specifically his psychiatric care, which underlie this action. It is noted Since Doctor Li was Plaintiff's treating psychiatrist substance of his pending claims against Doctor Li were encompassed within those grievances the failure of the pro se Plaintiff to specifically identify Doctor Li by in his

---

3. Doctor Li offers no explanation as to why she did not file a motion to dismiss or in the alternative for summary judgment or a motion for summary judgment.

8

grievances may be excused. See <u>Diaz v. Palakovich</u>, 448 Fed. Appx. 211, 217 (3d Cir. 2011)(recognizing that procedural default that may have resulted from failing to name prison official in fully exhausted grievance can be excused). Based upon those considerations, the motion to dismiss will be denied. An appropriate Order will enter.

                                                  /s/ Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge

DATED: AUGUST 25, 2014

9