IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILFREDO ARROYO, | : |
|     Plaintiff | : |
| v. | : CIVIL NO. 3:CV-13-1506 |
| DOCTOR LI, ET AL., | : (Judge Conaboy) |
|     Defendants | : |

FILED SCRANTON

JUL 10 2015

PER _____ CT
DEPUTY CLERK

## MEMORANDUM
### Background

This pro se civil rights action was filed by Wilfredo Arroyo while he was confined at the State Correctional Institution, Frackville Pennsylvania (SCI-Frackville). According to the Amended Complaint, Plaintiff developed a "brain disabling" drug induced condition called tardive dyskinesia because of the Defendants' deliberate indifference.[1] Doc. 60 ¶ IV.

By Memorandum and Order dated August 15, 2014, Defendants Sterling and Palmigiano's joint motion to dismiss was granted. An August 25, 2014 Memorandum and Order denied a motion to dismiss by Defendant Psychiatrist Doctor Ingrid Li. An August 28, 2014 Memorandum and Order partially granted a motion to dismiss filed by Defendant SCI-Frackville Health Care Administrator V. Stanishefski. See Doc. 94.

---

1. The symptoms of that condition include continuous muscle spasms of the neck, back, and shoulders. After three (3) outside neurologists and four (4) other physicians diagnosed him with tardive dyskinesia Plaintiff purportedly underwent treatment with botox injections and medications.

1

By letter docketed September 29, 2014, Arroyo notified this Court that he had been transferred to a Community Corrections inpatient Center in Philadelphia, Pennsylvania. See Doc. 105. Plaintiff's motion seeking reconsideration of the August 28, 2014 Memorandum and Order was denied by Order dated June 19, 2015. See Doc. 115. A copy of that decision which was mailed to Plaintiff at his last known address was returned as undeliverable with a notation that the mailing could not be forwarded. A review of the Department of Corrections electronic database indicates only that Arroyo has been paroled and provides no forwarding address.

## Discussion

A copy of this Court's Standing Practice Order was mailed to Plaintiff on June 5, 2013. See Doc. 7. The Standing Practice Order provides in relevant part as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

Id., p. 4.

M.D. Pa. Local Rule 83.18 similarly provides that a pro se litigant has an affirmative obligation to keep the court informed of his or her address and must immediately inform the court if his or her address changes in the course of the litigation.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). Although Arroyo has apparently left the

Community Corrections inpatient Center, he has not advised this Court of either his release from that facility nor provided it with his current address. Consequently, he has clearly failed to comply with the requirements of Local Rule 83.18.

In addition, Arroyo has not made any filings whatsoever in this matter since September, 2014. Based upon those circumstances, it appears that Plaintiff is no longer interested in pursuing his surviving claims against the two Remaining Defendants, Doctor Li and Health Care Administrator Stanishefski.

Moreover, Arroyo's failure has prevented this matter from proceeding. The inability of this Court to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal of the action. See Poulis v. State Farm, 747 F. 2d 863 (3d Cir. 1984). Since Arroyo's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue.

Based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted. However, in the event that Arroyo provides this Court with his current address within a reasonable time period, this determination will be reconsidered. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: JULY 9th, 2015